WATTS, J.,
concurring, in which BATTAGLIA, J., joins.
Respectfully, I concur and write separately to elaborate on the majority opinion in one respect only.
I agree with the Majority that the holding in Taylor v. Taylor, 306 Md. 290, 508 A.2d 964 (1986) does not act as a bar to joint custody where the parties are unable to effectively communicate. See Maj. Op. at 630-31, 645-46, 141 A.3d at 79-80, 88-89. In Taylor, this Court expressly acknowledged that in unusual cases joint custody may be appropriate despite parents’ inability to effectively communicate with each other. In Taylor, id. at 307, 508 A.2d at 972, we explained:
In the unusual case where the trial [court] concludes that joint legal custody is appropriate notwithstanding the absence of a “track record” of willingness and ability on the part of the parents to cooperate in making decisions dealing with the child’s welfare, the trial [court] must articulate fully the reasons that support that conclusion.
(Emphasis added). As Taylor permits, here, the Circuit Court for Montgomery County ordered joint legal custody, notwithstanding evidence of the parties’ inability to effectively communicate with each other. Stated otherwise, the evidence established that this was the unusual case that warranted such a result, and the trial court fully articulated the reasons supporting that conclusion.
Taylor has served the State well for thirty years, and establishes that an order of joint legal custody despite parents’ inability to communicate should be “the unusual case[,]” not the norm. Id. at 307, 508 A.2d at 972. The rationale for joint legal custody being the unusual case where parents are unable to communicate seems obvious; children should not be placed *648 in a contentious environment, between embattled parents, unless there is no other alternative that achieves the goal of serving their best interests. The Majority did not alter Taylor to reach the correct result in this case. I fear, however, that in endorsing a trial court’s ability to order joint legal custody where the evidence establishes that the parties are unable to communicate effectively and make joint decisions, the Majority did not include the caveat explicitly set forth in Taylor that such a result is to be the unusual or infrequent case. Given that the majority opinion does not purport to alter or abridge Taylor in any manner, Taylor in its entirety — including the observation that an award of joint legal custody despite the ability of the parents to effectively communicate is the unusual case — remains good law. From my perspective, this is an important point that should not be overlooked.
For the above reasons, respectfully, I concur.
Judge BATTAGLIA has authorized me to state that she joins in this opinion.